UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHIGAN ELECTRIC TRANSMISSION
COMPANY,

                         Plaintiff,                                  Case No. 10-cv-10661

v.                                                    Honorable Thomas L. Ludington

MIDLAND COGENERATION VENTURE, LP,

                         Defendant.

_____/

**ORDER LIFTING STAY AND DIRECTING PARTIES TO SHOW CAUSE WHY THE
CASE SHOULD NOT BE DISMISSED FOR WANT OF JURISDICTION**

On May 23, 2011, the Court ordered the proceedings in this case held in abeyance
pending resolution of a number of relevant dockets before the Federal Energy Regulatory
Commission ("FERC"). On September 19, 2012, the above-captioned proceedings were stayed
while the parties exhausted FERC's available remedies.

**I.**

**A.**

On June 29, 2015, Plaintiff filed a long-overdue[1] status report. The status report detailed
the progress of the FERC administrative process, which involved two different case numbers. It
explained that almost all issues concerning the validity of the facilities agreement and amounts
owed by Defendant for services provided thereunder by Plaintiff had been resolved. Plaintiff
summarized the decision of the presiding Administrative Law Judge, issued on August 18, 2014
in both cases, as follows:

---

[1]   In the parties' joint status report of March 12, 2013, they wrote that "[s]hould the stay not be terminated
prior to the expiration of six (6) months from this date, the parties will provide further report as to the status of
FERC proceedings." Status Rep., ECF No. 38. The next status report was the June 29, 2015 update.

> He confirmed the undisputed fact that MCV owed late payment interest and determined the method by which the interest should be calculated. He also determined that both Consumers and METC should pay a certain amount of time value refunds to MCV under the prior notice policy.

Status Rep. 6-7, ECF No. 39. Plaintiff and Defendant both filed objections to the manner in which the ALJ arrived at the time value refunds owed by both parties. Briefing on the issue competed on October 7, 2014 and, as of the date of Plaintiff's status report, remained pending before FERC.

While administrative proceedings were ongoing at FERC, Defendant appealed both FERC cases to the Court of Appeals for the District of Columbia. The D.C. Circuit dismissed the appeal on February 3, 2015 for lack of jurisdiction. Following that dismissal, Defendant paid Plaintiff $2,021,085, an amount of unpaid principal under the Facilities Agreement to which the parties stipulated during the FERC proceeding.

Thus, the only issue remaining, as Plaintiff reports it, is "[t]he amount of late payment interest owed by MCV to METC because of MCV's failure to timely pay the invoices sent to it for services provided to it under the Facilities Agreement." *Id.* at 8. Plaintiff explains that Defendant concedes that it owes late payment interest but that the issue is still pending before the ALJ. But Plaintiff further explains that the issue only remains pending because of its objection to the figure arrived at by the ALJ. Plaintiff admits that the ALJ arrived at a late payment interest figure commensurate with what Defendant believed it owed. The discrepancy between the two figures is approximately $200,000.[2] Plaintiff concluded its assessment of the objections to the ALJ's calculations and its status report by stating that "A remaining issue still pends before

---

[2]    Both parties agree that portions of the ALJ's decision on late payment interest are favorable to Plaintiff and other portions are favorable to Defendant. Plaintiff only details in its status report that the figure arrived at by the ALJ is commensurate with Defendant's proposed figure.

FERC that may require recourse to this Court to resolve. Therefore, METC requests that the Court continue its Order holding this matter in Abeyance." *Id*. at 9.

**B.**

Defendant responded to Plaintiff's status report and agreed in significant part with the status of the FERC proceedings as conveyed by Plaintiff. Defendant only took issue with Plaintiff's assertion that there is an issue that "may require recourse to this Court to resolve." Def.'s Resp. 2, ECF No. 40. Defendant explained that this Court would lack jurisdiction to give any recourse sought by Plaintiff pursuant to the ALJ's ruling on the parties' objections to the late payment interest calculation. Defendant writes:

> Once FERC rules on the exceptions taken by METC and MCV, the losing side is required to seek rehearing as a condition of taking a judicial appeal. *See* 16 U.S.C. § 825l(a). And if an appeal is taken, it must be lodged either with the D.C. Circuit or the Sixth Circuit. 16 U.S.C. § 825l(b).

*Id*. at 2. Defendant then speculates that Plaintiff seeks to keep this case pending because of a fear that once final judgment is entered and all appeals exhausted, Defendant may not pay the late payment interest it is deemed to owe. Defendant answers this claim by stating that it has already paid the $2,021,085 in principal it was deemed to owe "and it will honor any final judgments in the future." *Id*.

**C.**

Plaintiff filed a reply in support of its status report and argued that the case should not be dismissed as Defendant claims. It cited to Defendant's prior representations wherein Defendant requested that the Court hold the matter in abeyance until all appeals are exhausted. Plaintiff also noted that the parties agree that this Court would likely have jurisdiction to enforce subsequent FERC orders or non-compliance with those orders—such as a final order to pay a sum in consideration for late payment interest.

**II.**

The stay in this case will be lifted. The parties agree that there is no active case or controversy currently in existence between the two parties over which this Court has jurisdiction. While it is undisputed that a case or controversy exists between the two, jurisdiction currently rests with FERC and any appellate jurisdiction rests with the Sixth Circuit or the D.C. Circuit. Both parties agree that this Court would have jurisdiction to enforce any final order arising out of the FERC proceedings. But that jurisdiction would be predicated on non-compliance by one of the parties. No such non-compliance has arisen. Indeed, no final order on late payment interest has been issued with which the parties could even fail to comply. The Court does not have jurisdiction where there is no case or controversy between the parties. U.S. Const. art. III, § 2. *See also Aetna Life Ins. Co. of Hartford, Conn. v. Haworth*, 300 U.S. 227, 240 (1937) ("A 'controversy' in this sense must be one that is appropriate for judicial determination. A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot." (internal citations omitted)).

The parties will have a final opportunity to inform the Court as to why it does have jurisdiction to continue to entertain this matter. The parties will be directed to show cause, in writing and on the Court's docket, as to why this case should not be dismissed for lack of jurisdiction. The parties' filings shall be limited to five pages in length and should focus on the jurisdictional facts of this case and avoid lengthy recitations of the Article III requirements for constitutional standing. Responses will be due on February 22, 2016.

**III.**

Accordingly, it is **ORDERED** that the stay imposed in this matter, ECF No. 37, is **LIFTED**.

- 5 -

It is further **ORDERED** that the parties are **DIRECTED to show cause on or before February 22, 2016**, in conformity with the direction set forth herein, why this case should not be dismissed for lack of jurisdiction.


Dated: February 12, 2016                        s/Thomas L. Ludington
                                                THOMAS L. LUDINGTON
                                                United States District Judge


> PROOF OF SERVICE
>
> The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 12, 2016.
>
>                     s/Michael A. Sian
>                     MICHAEL A. SIAN, Case Manager